L. G. SCUDDER, APPELLEE, v. BOARD OF EQUALIZATION FOR COUNTY OF BUFFALO ET AL., APPELLANTS.

138 N. W. 2d 727

Filed December 17, 1965. No. 36018.

Andrew J. McMullen and Duane L. Hubbard, for appellants.

Dier & Ross, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

This case involves the actual value of a commercial grain storage elevator for taxation in 1964. The county board of equalization approved a valuation of $360,155, but on appeal by plaintiff owner the district court ordered a reduction. The basic issue is economic obsolescence.

The building, consisting of cylindrical units of reinforced concrete and having a storage capacity of 1,240,000 bushels, was constructed in 1955 at a cost of $453,000. The structure was primarily a warehouse, not a standard working elevator in which grain is adapted for use.

Plaintiff rented the building in 1955 for a 10-year term at an annual rent of $61,000 the first 5 years with subsequent rent to be agreed upon. The lessee paid $61,000 annually until 1963, $30,500 in the first half of 1963, and $25,000 semiannually from July 1963 to July 1964.

The lease obligated plaintiff to pay real estate taxes and maintenance expenses. During the first 3 years taxes totaled $45,000. The elevator was valued for taxation in 1956 and 1957 at $630,000, but in 1958 the valuation was reduced to $421,180. In 1962 plaintiff coated the building with a water-repellent cement at a cost of $16,000. Other items have not been shown.

There is evidence of obsolescence. The first 5 years of the lease were lucrative because of a government guaranty, but conditions changed. Diminished rental mirrored diminished storage, the monthly average of grain being 541,344 bushels in 1963. Plaintiff testified that the quantity in Nebraska warehouses had decreased 50 percent between 1961 and 1964, and that his property was

worth only $200,000 as a result of economic obsolescence.

The county assessor considered his valuation of $360,-155, which is less than $0.30 per bushel of capacity, to be fair and equitable. He referred to three standard working elevators in which the amounts ranged from $0.42 to $0.57, but we agree with plaintiff that these elevators are not comparable. However, similar testimony concerning other warehouses was not elicited, although the assessor had inspected all grain elevators in the county.

In the opinion of the assessor the effect of the recession upon individual elevators varied greatly. After a review of gross income and storage records over the years, he lowered valuations of some other elevators in 1964, one taxpayer receiving a 30 percent reduction. The 1964 board of equalization also reduced valuations of some facilities for flat storage; but the board denied a reduction to the Ravenna Grain Company, which owned a structure of concrete construction. These decreases represented the first favorable adjustment for any elevator except one. In 1962 the board had changed the actual value of plaintiff's elevator from $421,180 to $360,155.

The action of a county board of equalization with respect to actual value of property will be affirmed on appeal unless the contention of unreasonable valuation has been established. See, § 77-1511, R. S. Supp., 1963; LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455.

The data before us is inadequate. The mere difference between plaintiff and the assessor does not prove unreasonableness. See LeDioyt v. County of Keith, *supra*.

Plaintiff seems to rely on actual value for taxation in 1963 and on decreased rental, perhaps assuming that 1963 value is controlling except for economic obsolescence. We reject the assumption. At best a prior determination is a fact without constant weight in all cases, and in the present case we attach little importance to that fact. Economic obsolescence may not have been

the only variable between 1963 and 1964, or there may have been error in 1963. The proportion of rental to valuation demanded explanation. There has been none. Plaintiff's opinion, the 1963 value, and the reduced rental have not established a worth under $360,155.

Actual value sometimes represents disproportionate value in need of equalization, but here the evidence concerning the treatment of other elevators is flimsy proof. Relief was based on economic obsolescence, yet neither assessor nor board disregarded all other influences upon actual value. No example of undervaluation appears, and economic obsolescence was not an arbitrary factor indicative of discrimination against plaintiff.

Since the action of the board should have been affirmed, the judgment of the district court is reversed and the petition of plaintiff is dismissed.

REVERSED AND DISMISSED.